**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LIN GUO LI,

        Petitioner,

    v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 09-9542

Board of Immigration Appeals

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

Lin Guo Li attempted to enter the United States at San Francisco,

California, on August 20, 2005, without proper entry documentation. The

Department of Homeland Security issued him a Notice to Appear before an

immigration judge. In response Mr. Li conceded removability but sought political

asylum, restriction on removal, and relief under the Convention Against Torture.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

At the hearing before the immigration judge (IJ), Mr. Li gave the following account: In July 1999, when he was 16 years old and living in China, he impregnated his 17-year-old girlfriend in violation of Chinese law. That September he and his girlfriend were married in an unofficial ceremony at his home. The following month, officers came to his home, issued him a summons to pay a 10,000-Yen fine, and took his wife away for an involuntary abortion. An altercation broke out between the officers and his family during which he hit one of the officers on the head with a stick. He fled the scene. After learning from his father that officers had come to arrest him, he moved to another province, where he found employment and lived safely for five years. He then returned to visit his family, but "public security officers" came looking for him the following evening. R., Vol. 1 at 144. At that point he decided to pay smugglers to get him to the United States.

The IJ denied Mr. Li's requests for relief and ordered him deported, ruling (1) that Mr. Li was not credible and (2) that even if he were to be believed, he had not shown that he had been persecuted or that there was a reasonable chance that if he returned to China he would be persecuted or tortured. The IJ explained that China is a big country, with many areas that do not enforce the population-control laws, and persecution for his attack on an officer would not be persecution under the immigration laws.

On appeal to the Board of Immigration Appeals (the BIA), Mr. Li argued (1) that the IJ's credibility determination was speculative and (2) that persecution stemming from his attack on the family-planning officer is a proper ground under the Immigration and Nationality Act (the INA). The BIA dismissed the appeal. It ruled that it need not review Mr. Li's challenge to the IJ's credibility determination, because his evidence, even if believed, would not satisfy his burden of showing that he had been persecuted in the past or was likely to be persecuted or tortured if he returned to China. The BIA stated that the INA provides for asylum based only on persecution that the applicant himself has suffered or must suffer, not on what may have happened or might happen to a girlfriend, and that he had not shown that he had suffered any past persecution or could reasonably fear future persecution because he had lived unharmed for six years in a province other than his home province.

On appeal Mr. Li (1) again challenges the IJ's determination that he was not credible; (2) asserts that persecution based on his attack on the officer is protected under the INA because the attack was resistance to a coercive population-control policy, *see* 8 U.S.C. § 1101(a)(42)(B) ("a person . . . who has been persecuted for . . . resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion"); (3) contends that his safety in a province other than his home province is irrelevant because "he should not have been expected to have waited around to have been

persecuted," Aplt. Br. at 6; and (4) points out that "a person need not have actually suffered persecution in the past to qualify for asylum," *id.*

We are not persuaded. We review the BIA's legal determinations de novo and its findings of fact under a substantial-evidence standard. *See Kabba v. Mukasey*, 530 F.3d 1239, 1244 (10th Cir. 2008). To qualify for asylum under the INA, an applicant bears the burden of showing that he suffered persecution or has "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42) (defining *refugee*); *see id.* 1158(b)(1)(A) (alien must be a refugee to be eligible for asylum); 8 C.F.R. § 1208.13(a) (applicant bears the burden of proving refugee status). To qualify for restriction on removal under the INA, an applicant must show a "clear probability" that in the country to which he is to be removed his "life or freedom would be threatened" on account of "race, religion, nationality, membership in a particular social group, or political opinion." *Hayrapetyan v. Mukasey*, 534 F.3d 1330, 1336 (10th Cir. 2008) (internal quotation marks omitted). To qualify for relief under the Convention Against Torture, an applicant bears the burden of showing that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. *See id.* § 1208.13(b)(1). An applicant who can relocate to an area of his country of

-4-

nationality where he could live safely has not established a well-founded fear of future persecution. *See Tulengkey v. Gonzales*, 425 F.3d 1277, 1281–82 (10th Cir. 2005).

Substantial evidence supports the BIA's determination that the evidence presented by Mr. Li, even if believed, did not satisfy his burden of showing prior persecution, a well-founded fear of future persecution, or the likelihood of torture.

Accordingly, we AFFIRM the BIA's dismissal of Mr. Li's appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge